[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2006
THOMAS K. KAHN
CLERK

No. 05-16647
Non-Argument Calendar

_____

Agency No. A95-907-660

NANA MAKHARASHVILI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 7, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nana Makharashvili, a native and citizen of Georgia, petitions for review of
the final order of the Board of Immigration Appeals ("BIA"), which affirmed
without opinion the immigration judge's ("IJ's") denial of asylum and withholding

of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  On appeal, Makharashvili argues that the IJ erred by denying her asylum application, in which she asserted she was persecuted by Georgian police on account of her religion (membership in the "Warriors of God" branch of Protestantism).  The IJ denied asylum after making an adverse credibility finding based on inconsistencies between Makharashvili's prior statements, including in her asylum application, and her testimony before the IJ.[2]  After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence.  See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001).  Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v.

---

[1]  We have jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days.  See INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1).  The BIA's November 3, 2005 order, affirming the IJ's decision, was a final order of removal.  Makharashvili timely filed her petition for review on December 5, 2005.  Accordingly, we have jurisdiction to review the BIA's order.

[2]Because we find that Makharashvili has not established a case for asylum under the INA, we do not address her arguments that she also satisfied the higher standards for withholding of removal or CAT relief.  See Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). A finding of fact will be reversed "only when the record compels reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

Like other factual findings, credibility determinations are reviewed under the substantial evidence test, meaning that the IJ must offer specific, cogent reasons for an adverse credibility finding. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-1287 (11th Cir. 2005). And "an adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. at 1287 (emphasis added); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004) (same). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted). "Indications of reliable testimony include consistency on direct examination, consistency with

3

the written application, and the absence of embellishments." Ruiz v. U.S. Att'y. Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. The applicant's testimony, if credible, may be sufficient to sustain her burden of proof without corroborating evidence. See 8 C.F.R. § 208.13. "[T]he weaker the applicant's testimony, the greater the need for corroborative evidence." Yang v. U.S. Att'y

Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). An adverse credibility determination alone may be sufficient to support an IJ's decision to deny an application for asylum. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 378 F.3d 1260, 1264 (11th Cir. 2004) (citation and internal quotation marks omitted). Put another way, "'[m]ere harassment does not amount to persecution.'" Id. (alteration in original) (quoting Gonzalez v. Reno, 212 F. 3d 1338, 1355 (11th Cir. 2000)). An asylum applicant may not show merely that she practices a particular faith, but must show that she was persecuted because of that faith. See Elias-Zacarias, 502 U.S. at 483 (1992).

Here, substantial evidence supported the IJ's adverse credibility findings and decision, based on those findings, that Makharashvili was not entitled to asylum. The IJ cited numerous inconsistencies and unbelievable testimony to support his adverse credibility finding, including: (1) inconsistencies between Makharashvili's asylum application and testimony concerning when she met her friend Maria, who introduced her to the Warriors of God, the group upon which her asylum application was based; (2) inconsistencies between Makharashvili's statements in her medical records, in which she did not attribute her depression to being raped by

5

Georgian police officers, and her prior statements, including her asylum application, and testimony in which she detailed being raped by Georgian police officers; and (3) her testimony that she traveled to the United States to seek asylum was inconsistent with her one-year delay in applying for asylum.[3] Under the substantial evidence test, substantial evidence supports the IJ's adverse credibility finding.

The IJ considered the adverse credibility determination to be dispositive of Makharashvili's application, since she presented no other evidence of her persecution. Cf. Forgue, 401 F.3d at 1287 (holding that "an adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution). On this record, based on the inconsistencies we have noted above, we cannot say that the record compels reversal of the IJ's adverse credibility determination. Accordingly, we deny the petition for review.

**PETITION DENIED.**

---

[3]Because we find these inconsistencies sufficient to support the IJ's adverse credibility finding (and, consequently, the denial of asylum), we need not and do not reach the other inconsistencies noted by the IJ.

6